UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAPPELL TYRONE FLADGER,

    Plaintiff,

v.

MARCUS O. HICKS, *et al.*,

    Defendants.

Case No. 19–cv–18867–SDW–ESK

OPINION AND ORDER

**KIEL**, U.S.M.J.

    **THIS MATTER** is before the Court on *pro se* plaintiff Chappell Tyrone Fladger's motion for the appointment of *pro bono* counsel pursuant to 28 U.S.C. §1915(e)(1). (ECF No. 24.) For the following reasons, the Motion is **DENIED.**

## BACKGROUND

    Fladger is involuntarily committed to the Special Treatment Unit in Avenel, New Jersey (Facility), where he was purportedly subjected to mistreatment by Facility personnel. (ECF No. 5 p.3.) The complaint was received on October 9, 2019. (ECF No. 1.) On October 21, 2019, District Judge Susan D. Wigenton granted Fladger's application to proceed *in forma pauperis* (ECF No. 1-1) and screened the complaint pursuant to 28 U.S.C. §1915(e)(2)(B) (ECF No. 2). Judge Wigenton found that Fladger raised three "sets" of claims: failure to intervene during an altercation between Fladger and another detainee; failure by Facility staff to deliver mail; and confiscation of a package containing certain electronics belonging to Fladger. (ECF No. 2 ¶6.) Judge Wigenton permitted the mail interference claim, but dismissed the remaining sets of claims without prejudice. (*Id.* p.5.)

Fladger filed an amended complaint on November 18, 2019. (ECF No. 5.) On December 20, 2019, Judge Wigenton dismissed the following claims without prejudice: failure to intervene; failure to transport Fladger to the emergency room following injury; unlawful search by a Facility guard; and unlawful denial of Fladger's request under the Open Public Records Act. (ECF No. 7 pp. 3–6.) However, Judge Wigenton allowed Fladger's excessive force claim as to defendant Officer John Ng—presently, the only remaining defendant in this matter—to proceed. (*Id.* pp. 5, 6.)

On April 21, 2020, Officer Ng filed a motion to dismiss the amended complaint. (ECF No. 12.) On June 30, 2020, Judge Wigenton dismissed Fladger's official capacity claim against Officer Ng with prejudice, but permitted the excessive force claim to proceed against Officer Ng individually. (ECF No. 13 p. 5.) Officer Ng filed an answer to the amended complaint on August 21, 2020. (ECF No. 20.)

Fladger filed the motion for the appointment of *pro bono* counsel (Motion) on January 4, 2021.[1] (ECF No. 24.) In support of the Motion, Fladger claims to suffer from Parkinson's disease, glaucoma, schizophrenia, and "other mental/psychiatric disorders." (*Id.* p. 9.) He also argues this matter "involves complex medical as well as legal issues that the average layperson could not be expected to understand, let alone any individual with Mr. Fladger's cognitive difficulties and limitations." (*Id.* p. 10.) Fladger notes that he has limited access to the Facility's Law Library. (*Id.* p. 9.) Furthermore, he submits that discovery in this case will involve gathering medical records, arranging for experts, and subpoenaing witnesses—tasks he cannot accomplish based on his "continued confinement[.]" (*Id.* p. 10.)

---

[1] Fladger says the Motion was "prepared with extensive assistance from the Special [T]reatment Unit Law Library Clerk[.]" (ECF No. 24 pp. 6, 7.)

## LEGAL ANALYSIS AND DISCUSSION

The Court has the discretion to appoint attorneys to represent litigants who are "unable to afford counsel[.]" 28 U.S.C. § 1915(e)(1). The appointment of counsel in a civil case is a privilege, not a statutory or constitutional right. *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011). The decision to appoint counsel "must be made on a case-by-case basis." *Tabron v. Grace*, 6 F.3d 147, 157–58 (3d Cir. 1993). The Third Circuit has stated that "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002) (citing *Parham v. Johnson*, 126 F.3d 454, 458 (3d Cir. 1997)).

The decision to appoint *pro bono* counsel for plaintiffs proceeding *in forma pauperis* involves a two-step analysis. *Howard v. Reyes*, No. 18-00800, 2020 WL 3958483, at *2 (D.N.J. July 13, 2020). First, "[a]s a threshold matter, the Court must assess whether the claimant's case has some arguable merit in fact and law." *Tabron*, 6 F.3d at 155. Once a claimant overcomes this "threshold hurdle," the Court should then consider the following factors: (1) the claimant's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the claimant's ability to pursue investigation; (4) claimant's capacity to retain counsel on his or her own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *Tabron*, 6 F.3d at 155–57.

"This list of factors is not exhaustive [and] should serve as a guidepost[.]" *Parham*, 126 F.3d at 458 (citing *Tabron*, 6 F.3d at 155). Where the factual and legal issues "have not been tested or developed by the general course of litigation … factors (2)–(5) of *Parham*'s test [are] particularly difficult to evaluate." *Howard*, 2020 WL 3958483, at *2 (citing *Chatterjee v. Phila. Fed'n of Teachers*, Nos. 99-04122 and 99-04233, 2000 WL 1022979, at *1 (E.D. Pa. July 18, 2000) (stating that unlike *Parham*, which concerned a directed verdict ruling, and *Tabron*, which involved summary judgment adjudication, plaintiff's claims

3

asserted in the complaint and motions "have barely been articulated" and have a distinctive procedural posture)).

As a threshold matter, at this juncture, Fladger's case has "some arguable merit in fact and law." *Tabron*, 6 F.3d at 155. Judge Wigenton screened Fladger's complaint (ECF No. 2 p. 1) and amended complaint (ECF No. 7) to remove claims that are not viable. Subsequently, Officer Ng's motion to dismiss the amended complaint was granted in part. (ECF No. 13.) However, in ruling on that motion, Judge Wigenton found that Fladger's claim for excessive force against Officer Ng individually may proceed. (*Id.*) As such, Fladger's remaining claim against Officer Ng is sufficiently "meritorious" such that the "threshold hurdle" of the two-step analysis has been overcome. *Parham*, 126 F.3d at 459.

However, applying the "guidepost factors" under *Parham*, I find that Fladger's Motion should be denied. Although the factual and legal issues in this case "have not been tested or developed by the general course of litigation[,]" making factors (2) through (5) of *Parham* "particularly difficult to evaluate[,]" *Howard*, 2020 WL 3958483, at *2, each factor will be addressed in turn.

As to factor one, the Court should consider "the plaintiff's education, literacy, prior work experience, and prior litigation experience." *Tabron*, 6 F.3d at 156. Furthermore, the Court "must" consider whether the plaintiff has access to necessary resources like a typewriter, photocopier, telephone, and computer. *Id.* (citing *Rayes v. Johnson*, 969 F.2d 700, 703–04 (8th Cir. 1992)). Fladger claims to suffer from cognitive difficulties and limitations. (ECF No. 24 p. 10.) The Motion cites to a June 8, 2009, Adult Diagnostic and Treatment Center Classification Report, which indicates that Fladger suffers from an intellectual disability and schizophrenia. (*Id.* p. 13.) While Fladger does have limited access to the Facility's Law Library (*id.* p. 9), he also required the assistance of the Law Library Clerk in preparing and filing the Motion. (*Id.* pp. 6, 7.) Given the limitations on Fladger's ability to present his own case, factor one weighs in favor of granting the Motion.

4

As to factor two, the Court should determine whether the "legal issues are complex." *Parham*, 126 F.3d at 459 (citing *Maclin v. Freake*, 650 F.2d 886, 889 (7th Cir. 1981) ("where the law is not clear, it will often best serve the ends of justice to have both sides of a difficult legal issue presented by those trained in legal analysis.")). The Court "should be more inclined to appoint counsel if the legal issues are complex." *Tabron*, 6 F.3d at 156 (citing *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)). Here, only Fladger's excessive force clam against Officer Ng remains, as all claims against all other defendants have been dismissed. (ECF No. 13 p.5.) Fladger fails to articulate how his remaining claim against Officer Ng is complex, or whether it presents a question of unsettled law, such that the appointment of counsel *pro bono* is warranted. Factor two weighs in favor of denying the Motion.

As to factor three, the Court should ascertain the degree to which factual investigation will be necessary, along with the plaintiff's ability to pursue such investigation. *Parham*, 126 F.3d at 460. Fladger's remaining claim for excessive force relates to an incident involving Officer Ng that occurred on November 17, 2018. (ECF No. 5 p.17.) Some factual investigation as to that specific incident would seem likely. However, Fladger has identified no aspect of this lawsuit that would require additional, broader fact investigations. Fladger also asserts "[t]here is no question that this case is going to rely, heavily, on expert testimony and opinions of appropriate medical care." (ECF No. 24 p.11.) But the Motion fails to identify what particular expert testimony Fladger intends to rely upon in prosecuting his sole claim for excessive force. Fladger fails to explain how the need for expert opinion testimony persists where his claim against Facility personnel for failing to transport him to the emergency room has been dismissed. Factor three weighs in favor of denying the Motion.

As to factor four, the Court examines the amount a case is likely to turn on credibility determinations. *Parham*, 126 F.3d at 460. However, "it is difficult to imagine a case that does not." *Id.* "[W]hen considering this factor, courts should determine whether the case was solely a swearing contest." *Id.*; *see also*

*Maclin*, 650 F.2d at 888 ("Counsel may also be warranted where the only evidence presented to the factfinder consists of conflicting testimony."). I can only surmise as to whether credibility determinations will dictate the outcome of this case. At this stage of the litigation, it is simply too early to tell. Thus, as "this factor alone does not encourage the appointment of counsel[,]" *id.*, factor four weighs in favor of denying the Motion.

As to factor five, the Court asks whether the case will require the testimony of expert witnesses. *Id.* As discussed above, I am not persuaded by Fladger's mere prediction that "this case is going to rely, heavily, on expert testimony and opinions of appropriate medical care." (ECF No. 24 p.11.) The Motion fails to specify what expert testimony Fladger requires in making a case against Officer Ng. At this time, and without more, I have no basis to find that this matter will require expert opinions, particularly where Fladger's emergency room treatment claim has been dismissed. Factor five weighs in favor of denying the Motion.

As to factor six, the Court considers whether the plaintiff can attain and afford counsel on his own behalf. *Parham*, 126 F.3d at 461. Fladger remains detained at the Facility. Since he is unable to pay for fees and costs in connection with this lawsuit, Fladger sought to proceed *in forma pauperis* (ECF No. 1-1), which the Court allowed (ECF No. 2). Presently, there is no evidence that Fladger has the ability to attain or afford counsel. *Parham*, 126 F.3d at 461. Factor six weighs in favor of granting the Motion.

The *Tabron* Court recognized "the significant practical restraints on the district courts' ability to appoint counsel: the ever-growing number of prisoner civil rights actions filed each year in the federal courts; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation." *Tabron*, 6 F.3d at 157. I recognize that "where a plaintiff's case appears to have merit and most of the aforementioned [*Parham*] factors have been met, courts should make every attempt to obtain counsel." *Parham*, 126 F.3d at 461 (citing *Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 310 (1989)). Here, since the majority of the *Parham* factors

6

weigh in favor of refraining from appointing counsel *pro bono*, the Motion is properly denied.

## CONCLUSION

Accordingly, and for the reasons stated above,

**IT IS** on this   **11th** day of **January 2021**   **ORDERED** that:

1. Plaintiff's Motion (**ECF No. 24**) is **DENIED**.

2. The Clerk of the Court is directed to terminate the Motion at ECF No. 24.

3. The Clerk of the Court is directed to transmit a copy of this Opinion and Order to plaintiff by regular mail.

                                              */s/ Edward S. Kiel*
                                              **EDWARD S. KIEL**
                                              **UNITED STATES MAGISTRATE JUDGE**