***NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CHAPPELL TYRONE FLADGER, | : : : | |
| Plaintiff, | : : | Civil Action No. 19-18867 (SDW-ESK) |
| v. | : : : | OPINION |
| MARCUS O. HICKS, et al., | : : | |
| Defendants. | : : | |

**WIGENTON**, District Judge:

Presently before the Court is Defendant John Ng's ("Defendant") motion for summary judgment brought pursuant to Federal Rule of Civil Procedure 56. (ECF No. 67). In a status conference on September 29, 2022, before the Honorable Edward S. Kiel, United States Magistrate Judge, Plaintiff confirmed that he mailed his opposition to Defendant's summary judgment motion to Defendant's counsel, and Defendant's counsel filed the opposition motion on the docket (ECF Nos. 69-74). Plaintiff mailed additional documents to Defendant's counsel, which he confirmed were intended as an amended complaint to add a new party. (ECF No. 74, 75). Magistrate Judge Kiel deemed the summary judgment motion fully briefed and denied Plaintiff leave to file an amended complaint. (*Id.*) Defendant filed a reply brief (ECF Nos. 73, 74), requesting that this Court treat Defendant's motion for summary judgment as unopposed because the records submitted by Plaintiff, including copies of Defendant's exhibits, medical records, disciplinary infractions, documents related to past litigation, and photocopy fees, do not formulate any argument in opposition to summary judgment. This Court will treat Defendant's motion as unopposed pursuant to Federal Rule of Civil Procedure 56(e). For the following reasons, this Court will grant

Defendant's motion for summary judgment and dismiss Plaintiff's amended complaint.

I.      PROCEDURAL HISTORY

Plaintiff filed his original complaint on or about October 9, 2019. (ECF No. 1). This Court screened the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and permitted Plaintiff's First Amendment claim to proceed against Defendants Lukesazewski, Banks, Rodriguez, Forstev, Euve, and Solfe, and dismissed the remainder of Plaintiff's claims without prejudice. (ECF No. 2 at 5). Plaintiff submitted his amended complaint to this Court on November 18, 2019. (ECF No. 5.) On December 20, 2019, this Court dismissed Plaintiff's First Amendment Claims, which were not realleged in the amended complaint, and permitted only Plaintiff's excessive force claim against Defendant John Ng to proceed. (ECF No. 7). On April 21, 2020, Defendant Ng filed his first motion to dismiss Plaintiff's amended complaint. (ECF No. 12). On June 30, 2020, this Court granted in part and denied in part Defendant Ng's motion to dismiss, permitting Plaintiff's excessive force claim to proceed against him in his individual capacity. (ECF No. 13). At the conclusion of fact discovery, the parties were permitted to file dispositive motions. (ECF No. 66). Defendant now moves for summary judgment. (ECF No. 67).

II.     UNDISPUTED MATERIAL FACTS

Plaintiff Chappell Tyrone Fladger is a civilly-committed resident, pursuant to the Sexually Violent Predator Act ("SVPA"), N.J.S.A. 30:4-27.24, *et seq.*, at the Special Treatment Unit ("STU"), in Avenel, New Jersey. (ECF 67-6 at 2-4). At all times relevant to this action, Plaintiff was in the custody of the New Jersey Department of Corrections ("NJ DOC") and resided at the STU. (ECF No. 5; ECF 67-7[1] at 7:16-25; 8:1-25; 9:1-21). In his amended complaint, Plaintiff

---

[1] Docket Entry No. 67-7 on CM/ECF is a transcript of Plaintiff's deposition, taken in this matter on May 20, 2022. This Court's page citations are to the original page and line numbers of the transcript.

alleges that Defendant John Ng ("Defendant"), a corrections officer employed by the DOC, subjected Plaintiff to excessive force on November 17, 2018. (ECF No. 5 at 17-18). On that date, Plaintiff was housed at the STU in Modified Activities Program ("MAP") Status, which permitted Plaintiff one hour each day outside his room for recreation time, escorted by a corrections officer. (ECF No. 67-7 at 10:12-12:18; ECF 67-8 at 41; 67-10 at 8). Plaintiff knew that he was restricted to one hour per day outside of his room. (ECF No. 67-7 at 10:12-12:10). On the day in question, Plaintiff alleges that he was on the telephone with his attorney. (*Id.* at 12:19-22). After Plaintiff's one hour of recreation time elapsed, Plaintiff was informed that he must return to his room. (ECF No. 67-7 at 14:9-16; 67-10 at 8, 12). Plaintiff refused to end his phone call. (*Id.*; 67-9 at 2-3; Ex. E). He wrapped himself around the telephone pole and defied orders to return to his room. (ECF No. 67-9 at 2-3.) Defendant Ng's supervisor told him to handcuff Plaintiff. (ECF No. 67-10 at 8). There is a video of the incident. (Ex. E).[2] After Plaintiff was removed from the telephone pole and placed in handcuffs, Plaintiff was immediately escorted to the Medical Annex for examination. (ECF No. 67-7 at 19:19-20; ECF No. 67-10 at 1, 14, 16). No injuries were noted by the medical staff. (*Id.*)

### III. DISCUSSION

**A. Legal Standard**

A court should grant a motion for summary judgment where the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of "identifying those portions of the pleadings depositions, answers to interrogatories, and admissions on file, together

---

[2] Exhibit E is a video recording of the alleged incident of excessive force described in the amended complaint. (ECF No. 67-1 at 2).

with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  "A factual dispute is material if it bears on an essential element of the plaintiff's claim, and is genuine if a reasonable jury could find in favor of the nonmoving party."  *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 265 (3d Cir. 2014) (quoting *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 580 (3d Cir. 2003) (citing *Fakete v. Aetna, Inc.*, 308 F.3d 335, 337 (3d Cir. 2002) (*quoting Cloverland–Green Spring Dairies, Inc. v. Pa. Milk Mktg. Bd.*, 298 F.3d 201, 210 (3d Cir. 2002))).  If a party "fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:  . . . (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it[.]" Fed. R. Civ. P. 56(e)(2), (3); *Blunt*, 767 F.3d at 265 (citing *Lauren W. v. DeFlaminis*, 480 F.3d 259, 266 (3d Cir. 2007) ("where a non-moving party fails sufficiently to establish the existence of an essential element of its case on which it bears the burden of proof at trial, there is not a genuine dispute with respect to a material fact and thus the moving party is entitled to judgment as a matter of law."))

**B.     Analysis**

**1.     Plaintiff's Allegations Against Defendant Ng**

In his amended complaint, Plaintiff alleges the following facts in support of his excessive force claim against Officer Ng:[3]

> On November 17, 2018, at or about 4:45 p.m., Plaintiff was on the phone with an attorney and Officer Ing told Plaintiff that his time for consulting with his attorney was over.  Plaintiff was sitting by the phone on the south unit and Officer Ing grabbed Plaintiff's arm at the wrist and shoulder and while putting Plaintiff in handcuffs injured Plaintiff's left arm at the wrist and shoulder.

---

[3] Plaintiff misspelled Defendant's last name as "Ing" in the amended complaint.

(ECF No. 5 at 17-18).

**2.     Defendant's Argument**

In his summary judgment motion, Defendant argues that Plaintiff has failed to establish the necessary elements of an excessive force claim under the Fourteenth Amendment Due Process Clause. (ECF No. 67 at 5-6). To demonstrate excessive force under the Due Process Clause, plaintiff "must [allege facts which would show] 'that the force purposely or knowingly used against him was objectively unreasonable,' meaning 'that the actions [were] not 'rationally related to a legitimate nonpunitive governmental purpose.'" *Robinson v. Danberg*, 673 F. App'x 205, 209 (3d Cir. 2016) (quoting *Kingsley v. Hendrickson*, 576 U.S. 389 (2015)). Courts should consider the following six factors to determine whether a corrections officer's force was objectively reasonable:

> [1] the relationship between the need for the use of force and the amount of force used; [2] the extent of the plaintiff's injury; [3] any effort made by the officer to temper or to limit the amount of force; [4] the severity of the security problem at issue; [5] the threat reasonably perceived by the officer; and [6] whether the plaintiff was actively resisting.

*Robinson*, 673 F. App'x at 209.

Addressing the first factor, Defendant contends force was only applied after Plaintiff refused to return to his room at the end of his one-hour recreation time. Plaintiff refused verbally and physically, by wrapping his legs around the telephone pole. (ECF No. 67 at 10, citing ECF No. 67-2, ¶¶ 13, 14, 16 and Ex. E [video]).[4] Plaintiff was on MAP status, which meant other residents were restricted from leaving their rooms while Plaintiff was using the phone. (*Id.* at 10,

---

[4] In his brief (ECF No. 67), Defendant cites to the paragraphs of his Statement of Undisputed Material Facts ("SOMF," ECF No. 67-2) that support his assertions, which in turn identify the specific exhibits offered in support of Defendant's assertions.

citing ECF No. 67-2 at ¶¶ 9, 12). Upon Plaintiff's refusal, officers employed physical force to return Plaintiff to his room. (*Id.*, citing Exhibit E).  Thus, Defendant submits that the first factor favors a conclusion that objectively reasonable force was used.

Defendant argues that the second factor also supports a finding that he used objectively reasonable force.  Plaintiff has not submitted any evidence that he suffered an injury as a result of the incident, although he alleged in his amended complaint (ECF No. 5) that he suffered wrist and shoulder injuries.  Defendant submitted records showing that immediately after Plaintiff was handcuffed, he was escorted to the Medical Annex and examined by the STU nurse.  (*Id.* at 11, citing ECF No. 67-2 at ¶¶ 22, 23).  The STU nurse did not find any injuries and cleared Plaintiff to return to his room. (*Id.*, citing ECF. No. 67-2 at ¶ 23).

Defendant contends the third factor, the effort made by the officer to limit the amount of force, is also in his favor.  Defendant first attempted to resolve the situation without force by informing Plaintiff that his MAP recreation time was over, and that he had to return to his room.  Plaintiff refused. (*Id.* at 12, citing 67-2 at ¶¶ 13, 14.)  Defendant did not immediately resort to force.  Instead, he contacted his Sergeant to find out how to proceed, and he was ordered to handcuff Plaintiff.  (*Id.*, citing 67-2 at ¶ 15).  Plaintiff acknowledged that Defendant did not hit him, and this is consistent with video of the incident.  (*Id.*)  Defendant contends the video shows Defendant Ng remove Plaintiff from the telephone pole and handcuff him.  (*Id.*, citing Ex. E).  Plaintiff acknowledged that he fell to the ground after he was handcuffed.  (ECF No. 67, citing ECF No. 67-2 at ¶ 17; Ex. E).  The video shows Defendant did not use force to knock Plaintiff to the ground.  (*Id.*, citing Ex. E).

The fourth factor concerning the reasonableness of the force used is the severity of the security problem at issue.  Plaintiff was on MAP status in a facility maintained by the NJ DOC

that houses people who are civilly committed. (ECF No. 67 at 13, citing ECF No. 67-2 at ¶ 5). Defendant submits that Plaintiff's actions created a severe security problem because no other residents could enter or leave the area until he returned to his room. (ECF No. 67 at 13). Similarly, Defendant contends that the fifth factor, the threat reasonably perceived by the officer, weighs in favor of finding objectively reasonable force because Plaintiff escalated the matter by grabbing a telephone pole to prevent his removal. (*Id.* at 14).[5] For the sixth and final factor, Defendant submits that Plaintiff was physically resisting by wrapping himself around a pole, and multiple officers were needed to remove and handcuff him. (*Id.*, at citing ECF No. 67-2 at ¶¶ 16, 17). In sum, Defendant argues that the relevant factors support the conclusion that he used objectively reasonable force. (ECF No. 67 at 15).

3. **Defendant is Entitled to Summary Judgment**

Defendant has correctly identified the elements of an excessive force claim under the Due Process Clause of the Fourteenth Amendment, applicable to civilly committed persons under the New Jersey Sexually Violent Predator Act. *See, e.g., Aruanno v. Maurice*, 790 F. App'x 431, 435 n. 7 (3d Cir. 2019) (applying the due process standard of excessive force set out in *Kingsley v. Hendrickson*, 576 U.S. 389 (2015)). This Court has viewed the video of the incident submitted by Defendant in support of his motion for summary judgment. The video of the incident does not have audio, and the view of the incident is partially obstructed. While generally consistent with Defendant's description, the video does not clearly show Plaintiff's and Defendant's movements. It is, however, clear from the video that Plaintiff had sufficient

---

[5] Defendant does not cite to a particular exhibit in support of this assertion, and video of the incident does not clearly show whether Plaintiff grabbed the telephone pole. Earlier in Defendant's brief, however, Defendant cites to Plaintiff's written inmate statement, where Plaintiff admitted to wrapping his legs around a pole to resist being handcuffed. (ECF No. 67 at 10, citing Ex. F, ECF No. 67-9).

opportunity to leave the room on his own before Defendant approached to handcuff him, but he did not move. Handcuffing Plaintiff and removing him from the floor took only a minute. Once standing, Plaintiff walked out of the room without any additional force applied by the officers present.

Defendant met his burden to demonstrate, by citing to particular materials in the record, the absence of a genuine issue of material fact regarding his objectively reasonable use of force in handcuffing Plaintiff when Plaintiff refused to return to his room in the STU on his own accord. Pursuant to Federal Rule of Civil Procedure 56(c), as the nonmoving party, Plaintiff was required to show that a material fact was genuinely disputed by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Plaintiff did neither. Instead, Plaintiff submitted copies of Defendant's exhibits, the amended complaint, and other irrelevant materials. (ECF No. 72). U]nder Rule 56(c)(3), courts need only consider the cited materials, and Plaintiff has cited to nothing. When a party fails to properly address another party's assertion of fact, a court may "consider the fact undisputed for purposes of the motion" and " grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it[.]" Fed. R. Civ. P. 56(c) (2, 3). A pro se litigant "is not exempt from procedural rules or the consequences of failing to comply with them." *Jones v. Sec'y Pennsylvania Dep't of Corr.*, 589 F. App'x 591, 593 (3d Cir.

2014) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)).  Therefore, Defendant is entitled to summary judgment.

## IV.  CONCLUSION

For the reasons stated above, Defendant's motion for summary judgment (ECF No. 67) is **GRANTED**.  An appropriate order follows.

_____
Hon. Susan D. Wigenton,
United States District Judge

Dated: January 23, 2023